UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:17-cr-587-CEH-TGW

FELIPE IGNACIO RIVADENEIRA
RODRIGUEZ
_____

**ORDER**

This cause comes before the Court on Defendant Felipe Ignacio Rivadeneira Rodriguez's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 151).  Proceeding *pro se*, Rivadeneira Rodriguez requests compassionate release based upon his medical conditions and lack of adequate treatment in prison.  The Government opposes Rivadeneira Rodriguez's motion (Doc. 157), and Rivadeneira Rodriguez has replied (Doc. 163).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

**I.      BACKGROUND**

On May 18, 2018, Rivadeneira Rodriguez was sentenced to 108 months' incarceration upon his guilty plea to one count of conspiracy to distribute and possess cocaine while aboard a vessel, based on conduct committed on or about November 21, 2017. Doc. 125.  Now 55, Rivadeneira Rodriguez is incarcerated at FCI Texarkana.

Rivadeneira Rodriguez moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his medical conditions constitute extraordinary and compelling circumstances that warrant his release. Doc. 151 at 4. Specifically, he explains that he suffers from diabetes, hypertension, lumbar chronic pain and a fractured disc, and the after-effects of COVID-19. *Id.* at 5. He also attests that he has not received adequate medical treatment in his prison facility. *Id.* In support of his motion, Rivadeneira Rodriguez provides his medical records and documentation of his request for transfer to a different facility. Docs. 151-3, 152-1.

In a subsequent Order, the Court observed that Rivadeneira Rodriguez was transferred to a different facility. Doc. 155. As a result, the Court requested supplemental information regarding the status of his medical conditions and the treatment he is receiving at his new facility. *Id.* Rivadeneira Rodriguez timely responded to the Order. Doc. 156. He asserts that he still experiences chronic pain that the prison medical staff has not relieved despite many requests. *Id.* at 1. Rivadeneira Rodriguez was seen by an orthopedic doctor shortly before filing his supplement, but continues to experience extreme pain. *Id.* He also has not received the medical shoes that were prescribed for him. *Id.* Rivadeneira Rodriguez provides additional medical records that confirm his medical conditions and physical limitations, and that document three requests for medical attention between December 2021 and September 2022. *Id.* at 2-7.

Responding in opposition, the Government argues that Rivadeneira Rodriguez has not established his entitlement to compassionate release. Doc. 157. First, it asserts

2

that he has not exhausted his administrative remedies by applying to the warden of his current or former prison facility. *Id.* at 2-3. Further, the medical records do not establish that his medical conditions are terminal or substantially diminish his ability to self-care within the prison environment, such that they would constitute extraordinary and compelling reasons for release. *Id.* at 3-5. The Government also provides additional medical records from his current facility. Doc. 160.

In reply, Rivadeneira Rodriguez argues that exhaustion of administrative remedies is a non-jurisdictional requirement that can be waived, but that he has complied with it by requesting that the Bureau of Prisons bring a motion on his behalf. Doc. 163 at 3. Moreover, he contends that his medical conditions qualify him for compassionate release because they place him at a higher risk of death if he contracts COVID-19, particularly now that the vaccines' six-month effective life has expired. *Id.* at 4-5.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III.  DISCUSSION

As a threshold matter, the Court finds that Rivadeneira Rodriguez has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Contrary to the Government's assertion, Rivadeneira Rodriguez provided documentation that he requested compassionate release but was told that he was ineligible. *See* Doc. 151-1 at 3, 5. He

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

then attempted, unsuccessfully, to appeal the denial before filing the instant motion. *Id.* at 1-2. The Court finds that he has satisfied the exhaustion requirement.

However, Rivadeneira Rodriguez has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Rivadeneira Rodriguez is 55 years old and was not sentenced until 2018. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Rivadeneira Rodriguez argues that his medical conditions constitute such a reason.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n. 1(A).

Rivadeneira Rodriguez has provided evidence that he suffers from diabetes, hypertension, spinal conditions that cause chronic back pain, and knee and shoulder pain. *See* Doc. 151-3; Doc. 160.  He takes medications for these conditions and receives regular medical treatment. *Id.*  Further, Rivadeneira Rodriguez is medically restricted from an upper bunk assignment, lifting weight over 15 pounds, and prolonged standing. *See*, *e.g.*, Doc. 151-3 at 77; Doc. 160 at 61-63.  Nonetheless, he has been cleared for a food service work assignment. *Id.*

Although the records support Rivadeneira Rodriguez's assertion that he suffers from medical conditions, they do not demonstrate that the conditions substantially diminish his ability to care for himself within the prison environment. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  Rather, it appears he is receiving regular medical treatment on an outpatient basis, and the Bureau of Prisons is able to accommodate his physical limitations.  There is no indication that he is not able to reside and function independently.  Although the Court acknowledges Rivadeneira Rodriguez's statement that the medical staff has failed to ameliorate his chronic pain, the records demonstrate

that they are attempting to treat his conditions and address his symptoms, including his pain. In all, the evidence does not demonstrate that his conditions rise to the severe level contemplated by the policy statement. His medical conditions therefore do not constitute an extraordinary and compelling reason for compassionate release.

Moreover, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Accordingly, Rivadeneira Rodriguez also cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his medical conditions and the COVID-19 pandemic. His motion for compassionate release must be denied.

Accordingly, it is **ORDERED**:

1. Defendant Felipe Ignacio Rivadeneira Rodriguez's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 151) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties